1
2
3
4
5
6
7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

8
9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| VALERIE EGLESTON, individually, and as ESTATE ADMINISTRATOR of the Estate of RYAN DEAN HEMMINGSON, | NO.  21-2-15486-3 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| SNOHOMISH COUNTY; SNOHOMISH COUNTY SHERIFF ADAM FORTNEY; DEPUTY ANTHONY ZAYAS; DEPUTY BRENT REID; DEPUTY JONATHAN KRAJCAR; DEPUTY SARA MILLER; DEPUTY JOSHUA WHEELER and DEPUTY DARIAN WILLIS, | |
| Defendants. | |

20
21
22

COMES NOW Plaintiff Valerie Egleston, individually, and as Estate Administrator of the Estate of Ryan Dean Hemmingson, by and through her attorneys, and alleges as follows:

23

**INTRODUCTION**

24
25

On November 9, 2019, the Plaintiff became concerned that her husband, Ryan Dean Hemmingson, was acting suicidal and asked her son, Nickolas Kelley, to call the

26

COMPLAINT FOR DAMAGES - 1

**BURI FUNSTON
MUMFORD FURLONG**
ATTORNEYS AT LAW

1601 F Street
Bellingham, Washington 98225
**P** 360-752-1500  **F** 360-752-1502

police for help.  Mr. Hemmingson was not violent toward the Plaintiff and had stabbed himself with a small knife.

When Snohomish County deputies arrived, Nickolas tried to talk to them and asked them not to charge into the apartment. He requested that he help the officers speak with Mr. Hemmingson to calm him and  de-escalate the situation.  The Officers ignored Nickolas' requests, telling him to be quiet and stay out of the way.

Contrary to Nickolas' suggestion, the Defendant Deputies organized an assault squad and gathered outside the apartment with guns drawn.  They opened the door and ordered Mr. Hemmingson to come out of the bedroom, even though they had been informed that he had stabbed himself and that he had been drinking.  As Mr. Hemmingson walked towards them, they fired pepper balls at him striking him several times.  As Mr. Hemmingson continued walking towards them Defendant Deputy Anthony Zayas fired three shots from his service revolver striking Mr. Hemmingson in the chest and abdomen. As he lay on the ground bleeding to death, the Deputies ordered Mr. Hemmingson to show his hands.  The last words Mr. Hemmingson said were "I'm trying".  A small folding knife was later found where Mr. Hemmingson had fallen.  The coroner determined that the self-inflicted stab wound was superficial, and that Mr. Hemmingson was killed by Deputy Zayas.  The coroner stated that the cause of death was homicide.

## I.  JURISDICTION AND VENUE

1.1     This action is brought under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments to the United States Constitution, and various Washington State statutory and common law claims.  This Court has jurisdiction over the Plaintiffs' claims as a court of general jurisdiction.

1.2     Venue is appropriate in this court under RCW 36.01.050.

## II.  PARTIES

COMPLAINT FOR DAMAGES - 2

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500  F 360-752-1502

2.1.    Plaintiff Valerie Egleston is a resident of Camano Island, Snohomish County, Washington.

2.2    Plaintiff Valerie Egleston is also the Court Appointed Estate Administrator of the estate of Ryan Dean Hemmingson.

2.3    Defendant Snohomish County is a municipal corporation and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington with the right to sue and be sued in its own stead.

2.4    Defendant Snohomish County Sheriff Adam Fortney (hereinafter "Sheriff") is, or was at all times relevant hereto, the chief executive officer responsible for administering and managing the Sheriff's Office.  Sheriff Fortney assumed responsibilities of all Snohomish County Sheriffs.

2.5    Defendant Snohomish County Sheriff's Office (hereinafter "Sheriff's Office") is an administrative subdivision of Snohomish County and the State of Washington.

2.6    Upon information and belief, Defendant Deputy Anthony Zayas is a resident of Snohomish County, Washington and, at all times relevant hereto, was an employee of Snohomish County and the Sheriff's Office as a Sheriff's Deputy, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Sheriff's Office when he shot and killed Ryan Dean Hemmingson.

2.7    Upon information and belief, Defendant Deputy Brent Reid is a resident of Snohomish County, Washington and, at all times relevant hereto, was an employee of Snohomish County and the Sheriff's Office as a Sheriff's Deputy, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Sheriff's Office.

2.8    Upon information and belief, Defendant Deputy Jonathan Krajcar is a resident of Snohomish County, Washington and, at all times relevant hereto, was an

COMPLAINT FOR DAMAGES - 3

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500   F 360-752-1502

employee of Snohomish County and the Sheriff's Office as a Sheriff's Deputy, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Sheriff's Office.

2.9     Upon information and belief, Defendant Deputy Sara Miller is a resident of Snohomish County, Washington and, at all times relevant hereto, was an employee of Snohomish County and the Sheriff's Office as a Sheriff's Deputy, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Sheriff's Office.

2.10    Upon information and belief, Defendant Deputy Joshua Wheeler is a resident of Snohomish County, Washington and, at all times relevant hereto, was an employee of Snohomish County and the Sheriff's Office as a Sheriff's Deputy, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Sheriff's Office.

2.11    Upon information and belief, Defendant Deputy Darian Willis is a resident of Snohomish County, Washington and, at all times relevant hereto, was an employee of Snohomish County and the Sheriff's Office as a Sheriff's Deputy, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Snohomish County Sheriff's Office.

### III.    PROCEDURAL REQUIREMENTS

3.1     On or about August 16, 2021, Plaintiff filed a Claim for Damages ("Tort Claim") with the Snohomish County Risk Manager.  More than 60 days have elapsed since service of the Tort Claim, to which County of Snohomish, Washington, has not provided a substantive response.  Therefore, Plaintiff has met the statutory notice of claim requirement to proceed with filing the lawsuit under RCW Ch. 4.96.

### IV.    STATEMENT OF FACTS

COMPLAINT FOR DAMAGES - 4

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500   F 360-752-1502

4.1     On November 9, 2019, at approximately 7:48 p.m., Snohomish County 911 was called by Nickolas Kelley, the son of Plaintiff Valerie Egleston, to come to the aid of Ryan Dean Hemmingson who had suffered a self-inflicted stab wound in the bedroom of the home he shared with Plaintiff located at 133 124th St. S.E., Apt. D104, in Everett, Snohomish County, Washington.

4.2     Approximately four minutes after Nickolas Kelley's call to Snohomish County 911, six deputies from the Sheriff's Office – Defendant Deputies Anthony Zayas, Brent Reid, Jonathan Krajcar, Sara Miller, Joshua Wheeler and Darian Willis - arrived outside of the Hemmingson apartment while Snohomish County firefighters/paramedics staged at a nearby firehouse.

4.3     Nickolas Kelly asked the Deputies not to just barge into the house and requested that he be allowed to work with them to reason with Mr. Hemmingson to de-escalate the situation.

4.4     Mr. Kelly's requests were ignored, he was rebuffed and was told to stay out of the way.

4.5     There was nothing in the information reported to dispatch that would have indicated that Mr. Hemming had committed a crime.

4.6     Before Snohomish County firefighters/paramedics arrived, five of the six deputies placed themselves in a stacked formation outside of the doorway of the Hemmingson apartment with their weapons drawn.  The last remaining deputy, Deputy Brent Reid, with his weapon drawn, called out to Hemmingson and told him that he was not in trouble.

4.7     Hearing no reply, Deputy Reid opened the unlocked front door and entered the apartment and continued shouting to Hemmingson, who eventually replied from his bedroom, requesting that they leave his home.

COMPLAINT FOR DAMAGES - 5

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500  F 360-752-1502

4.8    Despite Hemmingson's request, Deputy Reid continued to speak to him in an aggressive and authoritative tone, ordering him to come out of the bedroom.

4.9    Hemmingson emerged from his bedroom and walked toward the door.  He did not verbally threaten the Deputies.  In fact, he did not speak to them at all.

4.10    While Hemmingson was walking toward the door as ordered Deputy Jonathan Krajcar fired several pepper balls at him striking him repeatedly.

4.11    Immediately thereafter Defendant Zayas discharged three rounds from his service revolver striking Hemmingson in the chest and abdomen.

4.12    Mr. Hemmingson fell to the ground, bleeding from his chest and abdomen. As he lay on the ground bleeding to death, the Deputies ordered him to show his hands. Mr. Hemmingson replied: "I'm trying".

4.13    Mr. Hemmingson was transported to the hospital conscious at the time of his impending death, suffering physical and emotional pain, predeath terror and fear.

4.14    Upon arrival at the Emergency Department at the hospital, Mr. Hemmingson was immediately transferred to the operating room where he died at 8:30 p.m., less than one hour after Nickolas Kelley's call for aid to Snohomish County 911.

4.15    A Postmortem Examination was performed by Snohomish County Medical Examiner Danial Selove, M.D., on November 12, 2019.  Dr. Selove determined Mr. Hemmingson's cause of death was "handgun wounds of the chest and abdomen."  The manner of death was classified as "homicide."

4.16    Law enforcement officers have a duty to help individuals suffering from a period of emotional, physical, and mental impairment.

4.17    Snohomish County is required to train and educate officers in dealing with individuals who are suicidal or otherwise suffering from emotional, physical, and mental impairments.

COMPLAINT FOR DAMAGES - 6

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500  F 360-752-1502

4.18    Snohomish County's training and policies are non-existent an/or deficient in how to deal with individuals suffering from emotional, physical, and mental impairments.

4.19    The Deputies' actions as described herein were negligent, reckless, outrageous, and deliberately indifferent to Mr. Hemmingson's civil rights.  They entered his home in an unreasonable manner, failed to de-escalate the situation, failed to listen to Nickolas, and failed to gather additional information about the situation before taking lethal action.

4.20    The Defendant Deputies' wrongful acts and omissions, as described herein, caused the death of Ryan Dean Hemmingson and the destruction of Plaintiff's familial relationships

4.21    As a proximate result of the Defendant Deputies' wrongful actions, Plaintiff lost her husband, and suffered fear, anxiety, depression, trauma, and great emotional distress by being present at the scene, hearing the gunshots and learning that her call for help resulted in the wrongful death of her husband.

4.22    Snohomish County was deliberately indifferent to the fact that its inadequate and reckless policies, procedures, customs, and supervision would be the moving force behind its Sheriffs' officers using unnecessary and unreasonable force.

4.23    Snohomish County failed to implement any mechanisms that would have prevented the wrongful death of Mr. Hemmingson, including but not limited to providing minimally adequate supervision at an appropriate command level, and enforcing established policies and rules.

4.24    When conducting its official review of the shooting, Defendant Snohomish County found the Deputies use of deadly force, was in accord with its policies, practices, and customs.  None of the Defendant Deputies were subject to any discipline as a result of their role in causing Mr. Hemmingson's unjustified and unnecessary death or the violations of policy and civil rights violations described above.

COMPLAINT FOR DAMAGES - 7

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500  F 360-752-1502

4.25   Snohomish County's ratification of the shooting continues, and its ratification and its failure to take corrective action reflects its deliberate indifference to the danger of constitutional violations and physical harm its policies and practices create.

4.26   Defendant Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis were acting within the scope of their employment as a law enforcement officer and had a duty to protect human life, as did Snohomish County.

4.27   Defendant Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis were acting within the scope of their employment with Snohomish County and had a legal duty to employ de-escalation techniques and non-lethal detention methods to detain Ryan Dean Hemmingson before he was shot and killed.

4.28   By their conduct and under color of law and during the constitutional violations described herein, one or more of the Defendant Deputies had the opportunity to intervene to prevent the violation of Mr. Hemmingson's constitutional rights and they failed to do so.

4.29   As a direct and proximate result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff has suffered injuries, including those described herein.

4.30   Defendant Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis did not use reasonable alternatives to avoid the lethal encounter Mr. Hemmingson.

4.31    The lethal force Defendant Zayas used against Mr. Hemmingson was excessive and unreasonable.

4.32   Defendant Zayas' use of excessive and unreasonable lethal force to unlawfully detain, seize, or arrest Mr. Hemmingson violated his clearly established rights under the 4th and 14th Amendments to the United States Constitution.

4.33   The Defendants' actions, and each of them as described in this Complaint, were a substantial factor in bringing about Mr. Hemmingson's death, and without those

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW

1601 F Street
Bellingham, Washington 98225
P  360-752-1500  F  360-752-1502

actions, the death of Mr. Hemmingson would not have occurred.  Plaintiff and the statutory beneficiaries have suffered destruction to their family relationships and mental anguish as a result of the wrongful death of Mr. Hemmingson.

## V.    FIRST CAUSE OF ACTION
### Federal Civil Rights Violations of the United State Constitution
### 4th and 14th Amendments, Under 42  U.S.C. § 1983

5.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

5.2    The action of the Defendants, and each of them, as detailed above, deprived Ryan Dean Hemmingson, of his Fourth Amendment rights to be free from unnecessary, unreasonable, and excessive uses of force and to be free from unreasonable entries into his home, in violation of 42 U.S.C. § 1983.

5.3    By virtue of the facts set forth above, the Defendants, and each of them, are liable for compensatory and punitive damages for the deprivation of the civil rights of Ryan Dean Hemmingson which are guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizure of his person in the form of these Defendants' use of excessive and deadly force.

5.4    By virtue of the facts set forth above, all Defendants are liable for compensatory and punitive damages for the deprivation of the civil rights of Ryan Dean Hemmingson as guaranteed by the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

5.5    As a proximate result of each of the Defendants' above-described wrongful actions, Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma, and emotional distress and other general and special damages to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 9

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P  360-752-1500   F  360-752-1502

## VI.    SECOND CAUSE OF ACTION:
## Washington State Law Claim of Wrongful Death (RCW 4.20.020)
## And Survival Action (RCW 4.20.060)
## (State Law Claim)

6.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

6.2    Plaintiff brings this cause of action against all Defendants herein pursuant to the Washington State Wrongful Death Act, RCW 4.20, *et seq.,* on behalf of the surviving spouse as beneficiary.

6.3.    Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma, and emotional distress and other general and special damages to be proven at the time of trial.

## VII.  THIRD CAUSE OF ACTION – NEGLIGENCE
## (State Law Claim)

7.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

7.2    At all times relevant to this action, Defendant Snohomish County, individually and by and through its agents Sheriff Forney, Sheriff's Office and Deputy Sheriffs, owed a duty of care to residents of Snohomish County, including Plaintiff Valerie Egleston and Ryan Dean Hemmingson, to not cause unnecessary foreseeable harm in the course of law enforcement interactions, including the use of excessive force.

7.3    Defendant Sheriffs, acting as agents of Snohomish County, breached that duty of care by engaging in a course of conduct that unreasonably escalated the encounter with Ryan Dean Hemmingson to the use of excessive force as set forth previously herein.

COMPLAINT FOR DAMAGES - 10

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500   F 360-752-1502

7.4 This course of conduct includes but is not limited to failing to gather critical information about the situation from Mr. Kelley and Ms. Egleston, ignoring and rejecting their advice and offer to assist in de-escalating the situation, and failing to engage in less lethal measures.

7.5 Defendants Snohomish County, Sheriff Fortney, Sherriff's Office and Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis are directly and/or vicariously liable for breeches of the duty of reasonable care to avoid foreseeable harm to Ryan Dean Hemmingson. Those breaches include the Defendant Deputies unreasonable escalation for the use of lethal force as previously set forth herein.

7.6 Defendants Snohomish County, Sheriff Fortney and Sheriff's Office were negligent in allowing its employees to detain, assault, and use unreasonable force on Ryan Dean Hemmingson, which caused him mental, emotional and physical injuries.

7.7 Defendants Snohomish County, Sheriff Fortney and Sheriff's Office were negligent in not properly supervising its employees, not properly training them in the use of appropriate force and not properly adopting protocols on the appropriate use of force.

7.8 As set forth above, Defendants Snohomish County, Sheriff Fortney, Sherriff's Office and Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis are liable to the Estate of Ryan Dean Hemmingson for compensatory damages for negligently causing foreseeable harm in the course of law enforcement interaction that caused the death of Ryan Dean Hemmingson.

7.9 Ryan Dean Hemmingson's wrongful death was a direct and proximate result of Defendants' negligence as alleged herein.

7.10 Ryan Dean Hemmingson was fault free and his actions did not cause or contribute to the injuries and damages stated herein. Defendants are all jointly and severally liable for the plaintiff's damages.

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW

1601 F Street
Bellingham, Washington 98225
P 360-752-1500 F 360-752-1502

7.11    As a proximate result of Defendants' above-described wrongful actions, Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma, and emotional distress and other general and special damages to be proven at the time of trial.

## VIII.  FOURTH CAUSE OF ACTION *MONELL* CLAIM - COUNTY OF SNOHOMISH (Federal Claim Under Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658 (1978)

8.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

8.2    Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution.

8.3    Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights.

8.4    The policy, pattern of practice, or custom of condoned misconduct was tacitly or overtly sanctioned, as evidenced by the conduct of Defendants' failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

8.5    Reasonable and competent law enforcement officers would have known that the use of force to detain Ryan Dean Hemmingson clearly violated established constitutional prohibitions on the use of excessive force and federal constitutional rights to be free from the use of excessive deadly force.

COMPLAINT FOR DAMAGES - 12

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500  F 360-752-1502

8.6     At all times relevant to this lawsuit Defendant Snohomish County breached its duty to properly train or supervise Deputies Zayas, Reid, Krajcar, Miller, Wheeler, Willis and other Snohomish County Deputy Sheriffs, or otherwise remediate their unconstitutional use of excessive force.

8.7     The Sheriff is the chief executive officer and conservator of the peace in Snohomish County.

8.8     The Sheriff is responsible for administrating and managing the Snohomish County Department of the Sheriff.

8.9     Defendants Snohomish County and Fortney failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the Sheriff's Office.

8.10    The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause of the injuries suffered by Plaintiff and Ryan Dean Hemmingson.

8.11    Defendant Snohomish County and its Sheriff have ratified and/or permitted Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis' use of excessive force by denying liability, by failing to prosecute the offending officers and by failing to take any disciplinary or remedial action.

8.12    Snohomish County breached its duty of care to Ryan Dean Hemmingson as a citizen because it failed to adequately supervise, control, discipline, terminate, or otherwise remediate its law enforcement officers' use of excessive force.

8.13    As a proximate result of Defendants' above-described wrongful actions, Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma,

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW

1601 F Street
Bellingham, Washington 98225
P 360-752-1500   F 360-752-1502

and emotional distress and other general and special damages to be proven at the time of trial.

### IX. FIFTH CAUSE OF ACTION - RESPONDEAT SUPERIOR

9.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

9.2    In doing the things alleged herein, Defendant Sheriffs were acting within the course and scope of their employment with Snohomish County. Defendant Snohomish County, Sheriff Fortney, Sheriff's Office and Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis are therefore liable for Plaintiff's damages under the doctrine of respondeat superior.

9.3    As a proximate result of Defendants' above-described wrongful actions, Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma, and emotional distress and other general and special damages to be proven at the time of trial.

### X.    SIXTH AND SEVENTH CAUSES OF ACTION – ASSAULT AND BATTERY (State Law Claims)

10.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

10.2    In firing pepper balls and bullets at and into the body of Mr. Hemmingson, Defendant Deputies Zayas, Reid, Krajcar, Miller, Wheeler and Willis intentionally committed the torts of assault and battery, in that they caused Mr. Hemmingson to experience apprehension of imminent bodily harm, and also touched him in a harmful and offensive way to which he had not consented.

10.3    As a proximate result of Defendants' above-described wrongful actions, Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500   F 360-752-1502

enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma, and emotional distress and other general and special damages to be proven at the time of trial.

## XI.    EIGHTH CAUSE OF ACTION – NEGLIGENT HIRING AND/OR RETENTION
### (State Law Claims)

11.1    Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

11.2    Defendant Snohomish County has a duty of care to only hire and retain law enforcement officers that do not pose a danger to the public, especially when those officers are authorized to use deadly force.  Snohomish County is required to take reasonable measures, including adequate background checks, and ongoing employment reviews to make sure its officers do not pose a danger to the public.

11.3    Snohomish County knew or should have known through reasonable background checks and ongoing supervision that the Defendant Deputy officers posed a danger to the public.

11.4    Defendant Snohomish County breached the duty of care to Plaintiff and Ryan Dean Hemmingson by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiff

11.5.    As a proximate result of Defendant Snohomish County's above-described wrongful actions, Ryan Dean Hemmingson suffered pain, fear, trauma, emotional distress, loss of ability to enjoy life, lost earning capacity and death.  His estate incurred funeral expenses and he and his estate suffered other special and general damages including pain, fear, trauma, and emotional distress and other general and special damages to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 15

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P 360-752-1500  F 360-752-1502

## XII.   NINTH CAUSE OF ACTION – OUTRAGE
### (State Law Claim)

12.1   Plaintiff incorporates and restates all above paragraphs as if fully set forth herein.

12.2   Defendants' actions as set forth herein constitute the tort of outrage.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants, and each of them, on her behalf for the following:

A.      For medical expenses, funeral expenses, lost income, loss of earning capacity, and other economic damages to be proved at trial.

B.      General damages including but not limited to damages for physical, mental, and emotional injury resulting from the acts and omissions complained of herein in an amount according to be proven at trial.

C.      Punitive damages under 42 U.S.C. § 1983.

D.      Reasonable attorney's fees and costs under 42 U.SC. § 1988 and to the extent otherwise permitted by law as determined by the Court.

E.      Any and all applicable interest on the judgment, including pre-judgment interest.

F.      For such other and further relief as this Court deems just and equitable.


DATED this _____ day of November, 2021.


BURI FUNSTON MUMFORD FURLONG, PLLC


_____
TOM MUMFORD, WSBA #28652
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 16

BURI FUNSTON
MUMFORD FURLONG
ATTORNEYS AT LAW
1601 F Street
Bellingham, Washington 98225
P  360-752-1500   F  360-752-1502